```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

ROBERTO HERNANDEZ,

                    Plaintiff(s),

        - against -                              04 Civ. 3449 (JES)

MARY ANN GANTNER, NEW YORK DISTRICT              SUMMARY ORDER
INTERIM DIRECTOR FOR U.S. DEPARTMENT
OF HOMELAND SECURITY, BUREAU OF
CITIZENSHIP AND IMMIGRATION SERVICES,
AND JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES, DEPARTMENT OF
HOMELAND SECURITY, BUREAU OF CITIZENSHIP
AND IMMIGRATION,

                    Defendant(s).
---------------------------------------X
```

The above-captioned action having come before the Court, and defendants having submitted their Motion for Summary Judgment dated December 7, 2004, and plaintiff having submitted his Response to defendants' Motion and his Cross-Motion for Summary Judgment dated April 25, 2005, and the Court having considered all matters raised, and

**WHEREAS**, having found that plaintiff did not prove that he had good moral character, defendant Bureau of Citizenship and Immigration Services denied plaintiff's application for naturalization on August 23, 2003, see Decl. of F. James Loprest, Jr., dated Dec. 7, 2004, Ex. A ("Record"), at 1, 5, and

**WHEREAS** this Court has been empowered to conduct a de novo review of the Bureau of Citizenship and Immigration Services' denial of an application for naturalization, 8 U.S.C. § 1421(c), and

**WHEREAS**, as a prerequisite to naturalization, plaintiff has the burden of establishing that he "has been and still is a person

of good moral character," 8 U.S.C. § 1427(a)(3), and

**WHEREAS** an applicant for naturalization who "at any time has been convicted of an aggravated felony (as defined in subsection (a)(43))," 8 U.S.C. § 1101(f)(8), shall be precluded from showing that he is a person of good moral character, 8 U.S.C. § 1101(f); 8 C.F.R. § 316.10(b)(ii); see Boatswain v. Ashcroft, 267 F. Supp. 2d 377, 385-86 (E.D.N.Y. 2003); see also Castiglia v. Immigration & Naturalization Serv., 108 F.3d 1101, 1102-04 (9th Cir. 1997), and

**WHEREAS** there is no dispute that plaintiff was convicted of attempted criminal sale of a controlled substance in the third degree in violation of New York Penal Law section 220.39, see Record at 5, 91; Pl.'s Rule 56.1 Statement ¶ 3, and

**WHEREAS** there is no dispute that plaintiff's conviction is an aggravated felony as defined by 8 U.S.C. § 1101(a)(43), see Pl.'s Mem.; Defs.' Mem. at 14, and

**WHEREAS** summary judgment is appropriate when "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c); it is

**ORDERED** that defendants' Motion shall be and hereby is granted and plaintiff's Cross-Motion shall be and hereby is denied; and it is further

**ORDERED** that the Clerk of the Court is directed to close the above-captioned action.


Dated:   New York, New York
         May         , 2005

                                          _____
                                               John E. Sprizzo
                                          United States District Judge

of good moral character," 8 U.S.C. § 1427(a)(3), and

**WHEREAS** an applicant for naturalization who "at any time has been convicted of an aggravated felony (as defined in subsection (a)(43))," 8 U.S.C. § 1101(f)(8), shall be precluded from showing that he is a person of good moral character, 8 U.S.C. § 1101(f); 8 C.F.R. § 316.10(b)(ii); see Boatswain v. Ashcroft, 267 F. Supp. 2d 377, 385-86 (E.D.N.Y. 2003); see also Castiglia v. Immigration & Naturalization Serv., 108 F.3d 1101, 1102-04 (9th Cir. 1997), and

**WHEREAS** there is no dispute that plaintiff was convicted of attempted criminal sale of a controlled substance in the third degree in violation of New York Penal Law section 220.39, see Record at 5, 91; Pl.'s Rule 56.1 Statement ¶ 3, and

**WHEREAS** there is no dispute that plaintiff's conviction is an aggravated felony as defined by 8 U.S.C. § 1101(a)(43), see Pl.'s Mem.; Defs.' Mem. at 14, and

**WHEREAS** summary judgment is appropriate when "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c); it is

**ORDERED** that defendants' Motion shall be and hereby is granted and plaintiff's Cross-Motion shall be and hereby is denied; and it is further

**ORDERED** that the Clerk of the Court is directed to close the above-captioned action.

Dated: New York, New York
May 2, 2005

John E. Sprizzo
United States District Judge